81 F.3d 160
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Isom MOSES, Plaintiff-Appellant,
v.
Charles GREEN, Bell Circuit Court Clerk; D. Brent Irvin,
Assistant Attorney General of the Commonwealth of Kentucky;
Lewis B. Hopper, Bell Circuit Court Special Judge; Karen
Green Blondell, Bell Circuit Court Commonwealth Attorney;
Chris Gorman, Commonwealth of Kentucky Attorney General,
Defendants-Appellees.
 No. 95-5654.
 United States Court of Appeals, Sixth Circuit.
 March 20, 1996.
 
 Before: JONES, BOGGS and COLE, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 1985 & 1986. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, William Isom Moses sued the Bell County, Kentucky, Circuit Court Clerk (Charles Green), the Attorney General for the Commonwealth of Kentucky (Chris Gorman), an Assistant Attorney General (Brent Irvin), a Special Circuit Court Judge (Lewis B. Hopper), and the Commonwealth's Attorney for Bell County (Karen Green Blondell) in their individual and official capacities. Moses claimed that defendant Green, in collaboration or in conspiracy with the other named defendants forged the indictment to which he pleaded guilty and obstructed justice. Moses claimed that the defendants' conduct violated his constitutional rights to due process and equal protection.
 
 
 3
 The case was submitted to a magistrate judge who concluded that: 1) Moses is collaterally estopped from relitigating his claims; 2) Moses did not establish any of the requirements of a valid RICO claim under 18 U.S.C. §§ 1961-1968; 3) Defendant Judge Lewis B. Hopper is entitled to judicial immunity for monetary damages; and 4) Defendants Blondell, Irvin and Gorman are entitled to prosecutorial immunity. Thus, the magistrate judge recommended that the action be dismissed, sua sponte, pursuant to 28 U.S.C. § 1915(d). The district court reviewed the record de novo in light of Moses's objections and adopted the magistrate judge's report and recommendation as the opinion of the court. Moses appeals that judgment.
 
 
 4
 This court reviews a judgment dismissing a complaint as frivolous under § 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint permitted to be filed without prepayment of costs under 28 U.S.C. § 1915(a), may be dismissed as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. Id. at 327-28.
 
 
 5
 Upon review, we affirm the judgment of the district court pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation dated March 8, 1995, as adopted by the district court.